IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN H. SMITH,

    Plaintiff,

v.                                        CIV No. 13-435 MCA/GBW

ALLEN BATTS *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Plaintiff Alan Smith's Motions for More Definite Statements regarding Defendants Rainbow Ranch and Russell Treadwell's Answers to Plaintiff's Complaint ("Motions"). *Docs. 47, 48.* Having reviewed the Motions, I find they are not well taken and recommend that the Court deny them.

Plaintiff Alan Smith brings this 42 U.S.C. § 1983 action, alleging violations of his constitutional rights arising from interference by the Defendants with his property identified in the complaint as Black Mountain Ranch, located in Luna County, New Mexico. *See generally doc. 1.* Plaintiff filed his action on May 8, 2013. *Id.* On September 23, 2013, Defendants Rainbow Ranch and Russell Treadwell filed answers to the complaint. *Docs. 28, 29.*

Plaintiff filed the Motions on October 1, 2013. *Doc. 47, 48.* As to Defendant Rainbow Ranch, he moves the Court to order Defendant to "explain what is wishes to say in its' Wherefore Clause," its use of the word "discharge", and whether Defendant

seeks to file a counter claim for harassment. *Doc. 47* at 1-2. As to Defendant Russell Treadwell, Plaintiff again seeks clarification of the "Wherefore Clause" and the word "Discharge."

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). In other words, a motion for more definite statement with respect to an answer can only be proper if a response to the answer would be appropriate.

The Federal Rules of Civil Procedure provide that plaintiffs may not reply to an answer as a matter of right. *See* FED. R. CIV. P. 7(a)(7) (plaintiff may file reply to answer only by court order). Indeed, other than replies to counterclaims, "a reply to an answer ordinarily is unnecessary and improper in federal practice." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1185 (3d ed. 2004). Here, Plaintiff has not moved to file a reply to either of these Defendants' answers, nor has the Court ordered him to do so. Therefore, neither of the Answers implicated by Plaintiff's Motions are pleadings to which a responsive pleading is permitted under Federal Rule 12(e). See *Wlhelm v. TLC Lawn Care, Inc.*, 2008 WL 474265 at *2 (D. Kan. February 19, 2008); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F.Supp.2d 648, 653 (N.D.Tex.2004) (Rule 12(e) inapplicable where court does not order responsive pleading to answer and affirmative defenses).

As Plaintiff need not, and in fact should not, file a response to Defendants' Answers, his Motions under Rule 12(e) are improper and should be denied.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**