IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN H. SMITH,

     Plaintiff,

v.                                                                              CIV No. 13-435 MCA/GBW

ALLEN BATTS, *et al.*

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendant Ray Powell's Motion to Dismiss brought

pursuant to Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure. *Docs. 55, 56.*

Having reviewed the Motion and the accompanying briefing (*docs. 59, 66*) and being

fully advised, I recommend that the Court grant Defendant's Motion.

## I.    BACKGROUND

Plaintiff Alan Smith is the lessee of Black Mountain Ranch, located in Luna

County, New Mexico. *Doc. 1* ¶ 20; *doc. 59* at 4.  As is relevant to the instant cause of

action, the property consists of 13,822 acres of New Mexico state lease land.[1] *Doc. 1* ¶ 20.

At some point after he became a lessee in 1997, Plaintiff notified the New Mexico State

Land Office (Land Office), the lessor, of his intention to close off his land to public

access and put up gates on his property.  *Id.* ¶ 21, *doc. 59* at 4.  Plaintiff alleges that, at

some point in either 1997 or 1998, Defendant Luna County improperly built a road

---

[1] The property includes an additional 3,960 acres divided into a variety of other leaseholds. *Doc. 1* ¶ 20.

across part of his land, without seeking permission from the Land Office.  *Doc. 1* ¶ 23.

While it is not entirely clear from the complaint, Plaintiff appears to assert that because

of this road, Luna County officials have refused to allow Plaintiff to maintain gates or

otherwise close off this portion of his property to public use.  *Id.*  ¶¶ 22-24.  Plaintiff

claims that because of this interference, his property has been subjected to significant

and continuous damage since September 1998, including the destruction of gates

constructed to exclude the public and the theft and/or destruction of his livestock and

other personal property. *Id.*

　　　In late 2001, the Land Office apparently sought to make Defendant Luna County

pay for a right-of-way for the portion of the property along which the road had been

constructed, and Defendant Luna County refused to do so.  *Id.* ¶ 25.  As of 2010, the

Land Office and Defendant Luna County had not resolved this dispute. *Id.*

　　　As a result of this ongoing dispute, Plaintiff brings the instant action against,

among others, Defendant Ray Powell, Commissioner of Public Lands for the State of

New Mexico.  *Id.* ¶¶ 13, 27-28.  He argues that Defendant Powell violated his

Fourteenth Amendment right to be free from deprivation of his property without due

process when Defendant Powell failed to enforce Luna County's obligation to purchase

a right of way from the State, thereby allowing Luna County to use land within the

leasehold without compensating Plaintiff. *Doc. 1* at 15; *doc. 59* at 4.   Defendant Powell

filed his motion to dismiss on October 10, 2013.  *Doc. 56.*   The motion was fully briefed

on November 13, 2013.  *Doc. 66.*

## II.   STANDARD OF REVIEW

### A.  Motions to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for

failure to state a claim upon which the court can grant relief.  When ruling on a motion

to dismiss, the court must accept as true all well-pleaded factual allegations in the

complaint and must view them in the light most favorable to the nonmoving party.

*Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  "The

court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

parties might present at trial, but to assess whether the plaintiff's complaint alone is

legally sufficient to state a claim for which relief may be granted."  *Id.*

To survive a motion to dismiss, the complaint must include "enough facts to

state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Thus, the mere metaphysical

possibility that some plaintiff could prove some set of facts in support of the pleaded

claims is insufficient; the complaint must give the court reason to believe that this

plaintiff has a reasonable likelihood of mustering factual support for these claims."

*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not

require detailed factual allegations,  a complaint does not "suffice if it tenders naked

assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (internal

alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756

(10th Cir. 2010).  The court is not required to accept conclusions of law or the asserted

application of law to the alleged facts.  *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir.

1994).

### B.  Qualified Immunity

Qualified immunity protects public officials from liability "insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)

(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "Asserting a qualified immunity

defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging

standard of review than would apply on summary judgment."  *Choate v. Lemmings*, 294

F. App'x 386, 391 (10th Cir. 2008) (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th

Cir. 2004)).  To overcome the defense, "plaintiffs must allege facts sufficient to show

(assuming they are true) that the defendants plausibly violated their constitutional

rights, and that those rights were clearly established at the time" of the violation.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

## III.   ANALYSIS

Defendant Powell is sued in both his individual and official capacities under 42 U.S.C. § 1983.  He moves the Court to dismiss the individual capacity claim on the basis of qualified immunity, contending that there is no clearly established law to support Plaintiff's alleged constitutional violations.  As to the official capacity claim, and also as an alternative ground of dismissal for the individual capacity claim, he asserts that Plaintiff has failed to meet the notice pleading standard of Federal Rule of Civil Procedure 12(b)(6).  Finally, he also asserts sovereign immunity as to the official capacity claim because the Land Office is a state agency that therefore is immune from § 1983 actions under the Eleventh Amendment of the United States Constitution.

Plaintiff responds that sovereign immunity is inapplicable here under the *Ex parte Young* exception because the only relief he seeks from Defendant Powell is mandatory injunctive relief to enforce Luna County's statutory requirement to pay for the right of way use. 209 U.S. 123 (1909); *doc. 59* at 6-7.  He further argues that his right as a lessee to be free from deprivation of the use and enjoyment of his property by Luna County without due process of law and compensation is clearly established and therefore Defendant Powell is not entitled to qualified immunity.

5

For the following reasons, I find that Plaintiff has failed to establish a violation of his constitutional rights and therefore, his causes of action against Defendant Powell should be dismissed.

**A.    Defendant Powell is entitled to Qualified Immunity as to Plaintiff's First Cause of Action**

Plaintiff's first cause of action against Defendant Powell asserts a violation of Plaintiff's Fourteenth Amendment rights arising from the alleged failure of Defendant Powell to enforce the terms of Plaintiff's lease.  While the complaint does not explicitly state it, a reading of Plaintiff's response to Defendant's motion to dismiss indicates that Plaintiff intended to raise a procedural, rather than substantive, due process claim.[2] *See, e.g. doc. 59 at 5.*  Defendant argues, among other things, that he is entitled to qualified immunity here because Plaintiff's action actually sounds in contract and therefore Plaintiff cannot make out a violation of his constitutional rights.  *Doc. 56 at 7, doc. 66 at* 2-3.

In order to succeed on a procedural due process claim, Plaintiff must show that he possessed a constitutionally protected liberty or property interest such that due process protections were applicable and that the plaintiff was not "afforded an appropriate level of process." *Copelin–Brown v. N.M. State Pers. Office*, 399 F.3d 1248,

---

[2] For example, Plaintiff complains that a 2001 meeting between Defendant Luna County and the Land Office in which the Land Office apparently demanded Defendant Luna County pay for the right of way was "the closest to due process that has happened." *Doc. 59* at 5. He then cites  *Hodel v. Virginia Surface Mining and Reclamation Ass'n*, 452 U.S. 264 (1981), a procedural due process case.

1254 (10th Cir. 2005).   A right to procedural due process is only applicable to the

deprivation of liberty and property interests encompassed by the Fourteenth

Amendment. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Therefore,

when analyzing a procedural due process issue, the court must first establish whether

the state has interfered with a protected liberty or property interest. *See Kentucky Dep't

of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  As the Tenth Circuit has explained,

"[p]roperty interests are not created by the Constitution, but rather by independent

sources such as state law . . . Thus, constitutionally protected property interests are

created and defined by statute, ordinance, contract, implied contract and rules and

understandings developed by state officials." *Kirkland v. St. Vrain Valley School Dist. No.

Re-1J*, 464 F.3d 1182, 1189–90 (10th Cir. 2006) (quotation omitted).

The parties agree on the nature of the property interest at stake here—Plaintiff's

interest in the leasehold of the property at issue. *Doc. 56* at 5, *doc. 59* at 4.  This property

right is created by New Mexico statutory law.  *See* NMSA 1978 § 19-7-1 *et seq*.

(governing the sale and lease of state held lands in New Mexico); *see also Pater v. City of

Casper*, 646 F.3d 1290, 1294 (10th Cir. 2006) ("[O]f course, ownership of land or real

estate is a quintessential source of property interests."). Therefore, Plaintiff has

established that he has a protected property interest, and satisfies the first part of his

due process claim.

Where Plaintiff's claim fails is in showing that he was not afforded sufficient process. Defendant Powell is correct that Plaintiff's cause of action, as against him, is essentially a breach of contract claim: Plaintiff argues that Defendant Powell (in his capacity as representative of the Land Office) has failed, as the leaseholder, to comply with the terms of the lease by not enforcing it against a third party.  *See doc. 1* at 11-13. A claim for breach of contract generally does not support a due process claim unless state contract remedies are foreclosed to the plaintiff. *Lujan v. G & G Fire Sprinklers*, 532 U.S. 189, 196-98 (2001).

Plaintiff has not argued that he ever attempted to bring a cause of action for the alleged breach of his leasehold contract in state court.[3]  Nor is there any other evidence or argument before the Court that he would be foreclosed from doing so.  In light of these facts, *Lujan* is controlling.  In *Lujan*, because the statutory scheme that permitted the government deprivation of the protected property interest (there, the California Labor Code permitted a contractor to withhold payment from a subcontractor without notice) also permitted the injured party to seek redress in state court, the availability of that relief was sufficient process to preclude a Fourteenth Amendment due process claim.  532 U.S. at 197.   As in *Lujan*, the statute under which Plaintiff's lease is authorized specifically provides that where a leaseholder has a conflict with any decision of the Commissioner of the Land Office as to the use or allocation of that land,

---

[3] Plaintiff does state that he made two prior attempts at seeking relief, once in 2001 (the extent of the description of that attempt) and a second in federal court, Case No. 2:13-cv-159-WJ-LAM.

he has the right to challenge such action in state district court. NMSA 1978 § 19-7-67; *see also Dasburg, Application of*, 113 P.2d 569, 570 (1941) (holding that a challenge to the district court was proper where the commissioner leased state lands to one party on which a prior party had made compensable improvements).  Because Plaintiff has this option available to him, he is already afforded sufficient process by which to challenge the Defendant's action.

Plaintiff has therefore failed to demonstrate a violation of his constitutional rights, as is required to maintain his action in the face of Defendant Powell's qualified immunity motion.  As such, Defendant Powell is entitled to dismissal of Plaintiff's claim.

**B.    Plaintiff's Second Cause of Action Fails to State a Claim against Defendant Powell**

Whereas Plaintiff names Defendant Powell in his first cause of action, Defendant Powell is, as he himself points out, conspicuously absent from Plaintiff's second cause of action.  *Doc. 5* at 14-23, *doc. 56* at 10-11. It is true that because Plaintiff proceeds *pro se*, the Court is obligated to construe his pleadings broadly. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Id.*  But the court may not take on the role of the *pro se* plaintiff's attorney. *Id.*

Plaintiff's pleadings demonstrate that he is aware of the need to link his causes of action to specific defendants.  The fact that he explicitly named Defendant Powell in the first cause of action, and named multiple other Defendants in the second cause of action but excluded Defendant Powell, is indicative of his intention to exclude Defendant Powell from his second cause of action.  Further, Defendant Powell is also correct in noting that nowhere in Plaintiff's responsive brief does he challenge Defendant Powell's assertion that Plaintiff did not intend to include Defendant Powell in his second cause of action.  *Doc. 59* at 8.  On these bases, I find that Plaintiff has not stated a claim on which relief can be granted against Defendant Powell in his second cause of action.

## IV.  CONCLUSION

For the forgoing reasons, I recommend that Defendant Powell be granted qualified immunity as to Plaintiff's first cause of action, and that the Court find that Plaintiff has failed to state a claim on which relief can be granted against Defendant Powell with regard to Plaintiff's second cause of action.  I therefore recommend that the Court GRANT Defendant Powell's motion and dismiss Plaintiff's first cause of action against him with prejudice and the second without prejudice.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  If Plaintiff files a motion for leave to file an amended complaint which complies with the Federal Rules of Civil Procedure and the local rules, this time period will be tolled until the motion for leave is resolved.  A party must file any objections with the Clerk of the District Court within the fourteen-day period (after accounting for any tolling, if applicable) if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

11