IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN H. SMITH,

     Plaintiff,

v.                                                                              CIV No. 13-435 MCA/GBW

ALLEN BATTS, *et al.*

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendant Russell Treadwell's Motion to Dismiss

brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Docs. 102,*

*103*.  Having reviewed the Motion and the accompanying briefing (*docs. 103, 105, & 106*)

and being fully advised, I recommend that the Court grant Defendant's Motion.

## I.    BACKGROUND

Plaintiff Alan Smith is the lessee of Black Mountain Ranch, located in Luna

County, New Mexico.  *Doc. 99* ¶ 14.  As is relevant to the instant cause of action, the

property consists of 13,822 acres of New Mexico state lease land.  *Id*.  At some point,

apparently prior to the beginning of Plaintiff's lease, a road was built which crossed

Black Mountain Ranch.  *Id*. ¶ 17-20.  Plaintiff alleges that the road was illegally built

because it crossed Black Mountain Ranch yet no right of way had been approved by the

New Mexico State Land Office (Land Office).  *Id*. ¶ 14-20.  Defendant Treadwell used

this road to access property he owned or leased.  *Id*. ¶¶ 14-17.  Soon after acquiring the

lease, Plaintiff notified the Land Office of his intention to close off his land to public

access.  *Id*. ¶ 15.  Plaintiff then proceeded to construct gates which, if closed, would

block the road.  *Id.*  On several occasions, Luna County officials advised Plaintiff that he

was not permitted to block the road.  *Id.*  ¶¶ 18-24.  At the end of April 2011, after the

removal or destruction of earlier gates, Plaintiff installed a new gate which blocked one

of the roads.  *Id*. ¶ 22.  On May 9, 2011, Plaintiff locked that gate.  *Id*. ¶ 20.  Plaintiff

alleges that Defendant Treadwell called a Luna County Sheriff's Deputy to advise them

of the gate blocking the road.  *Id*. ¶ 23.  Subsequently, deputy sheriffs proceeded out to

the scene.  At the end of their encounter with Plaintiff, they arrested him for assault

with a deadly weapon and assault on a peace officer.  *Id*.  Though it is unclear precisely

what claims Plaintiff seeks to allege, he generally asserts that the Defendants, including

Defendant Treadwell, violated his rights by unconstitutionally taking his property and

unconstitutionally arresting him.

Distilled, the specific allegations against Defendant Treadwell are as follows: (1)

"[Defendant Treadwell] used his family's influence with the [other Defendants] in order

to access his home without purchasing a legal right of way from the New Mexico State

Land Office (*id*. ¶ 10);"[1] (2) Defendant Treadwell called Defendant Deputy Sheriff Batts

directly on Batts' cell phone to tell him about the locked gate on May 9, 2011 (*id*. ¶ 23);

---

[1] Relatedly, Plaintiff alleges that "[a]pparently sometime in the past, Egert (Defendant Treadwell's predecessor) got Defendant Luna County to put a road in for him. Which possibly explains Defendant Luna County's involvement in this affair."  *Doc. 99* ¶ 17.  However, this is an allegation of conduct by "Egert," not Defendant Treadwell.

and (3) Defendant Treadwell misinformed Defendant Batts about whether he could access his land via an alternate route (*id*.).

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  When ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Id*.

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations,  a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).  The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

III.    ANALYSIS

All claims against Defendant Treadwell are brought for alleged constitutional violations pursuant to 42 U.S.C. § 1983. *See generally doc. 99*.  Defendant Treadwell argues that Plaintiff fails to state plausible § 1983 claims because the alleged facts do not support a finding that Defendant Treadwell acted under color of state law.[2]

The Tenth Circuit has laid out four tests to determine whether a private party should be deemed a state actor in the context of § 1983: (a) the public function test, (b) the nexus test, (c) the symbiotic relationship test, and (d) the joint action test.  *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).  Under the facts as alleged by Plaintiff, Defendant Treadwell cannot be considered a state actor under any of these tests.

---

[2] Defendant Treadwell also argues that the Amended Complaint does not state a plausible claim for a constitutional violation. *Doc. 103* at 9-10.  As the "state actor" argument resolves the motion, the undersigned does not address this alternate argument.

4

### A.    Public Function Test

The public function test consists of determining whether the state has delegated

to a private party "a function 'traditionally exclusively reserved to the State.'"  *Id*. at

1456 (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974)).  This is a

difficult standard to satisfy.  "While many functions have been traditionally performed

by governments, very few have been 'exclusively reserved to the State.'"  *Flagg Bros.,*

*Inc. v. Brooks*, 436 U.S. 149, 158 (1978) (quoting *Jackson*, 419 U.S. at 356).  Plaintiff has not

alleged any actions by Defendant Treadwell indicating that Defendant Treadwell had

been delegated a function traditionally exclusively reserved to the state.  Nor has

Plaintiff alleged that Defendant Treadwell was even performing a traditional state

function when he engaged in the acts alleged by Plaintiff.  Therefore, Plaintiff's

Complaint fails to state a claim upon which relief can be granted under the public

function test.

### B.    Nexus Test

"Under the nexus test, a plaintiff must demonstrate that 'there is a sufficiently

close nexus' between the government and the challenged conduct such that the conduct

'may be fairly treated as that of the State itself.'"  *Gallagher*, 49 F.3d at 1448 (quoting

*Jackson*, 419 U.S. at 351).  The Tenth Circuit has stated that under this approach, "a state

normally can be held responsible for a private decision 'only when [the state] has

exercised coercive power or has provided such significant encouragement, either overt

or covert, that the choice [of the private party] must in law be deemed to be that of the State.'" *Id*. (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Merely availing oneself of state judicial procedures is insufficient to constitute state action. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 n.21 (1982). Plaintiff has not alleged facts sufficient to support a "nexus" between the state of New Mexico and Defendant Treadwell. He has failed to allege facts that support that the state has exercised coercive power over or provided significant encouragement to Defendant Treadwell to somehow deprive Plaintiff of his federal rights. Any action by Defendant Treadwell that negatively affected Plaintiff, assuming any such action occurred, was a private decision—without either state support or encouragement—to voluntarily avail himself of state law. Therefore, Plaintiff fails to state a claim upon which relief can be granted under the nexus test.

C.    **Symbiotic Relationship Test**

Under the symbiotic relationship test, the state must have "'so far insinuated itself into a position of interdependence' with a private party that 'it must be recognized as a joint participant in the challenged activity.'" *Gallagher*, 49 F.3d at 1451 (citing *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)). The Tenth Circuit has noted that "extensive state regulation, the receipt of substantial state funds, and the performance of important public functions do not necessarily establish the kind of symbiotic relationship between the government and a private entity that is required for state

action."  *Id*.  Plaintiff has not alleged any facts that would indicate that the state of New

Mexico has insinuated itself in a position of long-term interdependence with Defendant

Treadwell.  The only state involvement alleged by Plaintiff is that Defendant Treadwell

contacted the local police for assistance when Plaintiff refused to let Defendant

Treadwell access a public road.  A "private party's mere invocation of state legal

procedures [does not] constitute[] joint participation or conspiracy with state officials

satisfying the § 1983 requirement of action under color of law."  *Lugar*, 457 U.S. at 939,

n.21.  Therefore, Plaintiff's allegations do not satisfy the symbiotic relationship test.

**D.     Joint Action Test**

Finally, under the joint action test, "courts examine whether state officials and

private parties have acted in concert in effecting a particular deprivation of

constitutional rights."  *Gallagher*, 49 F.3d at 1453.  However, the bar is still high.  This

test can be met if the public and private actors conspire and share a "common,

unconstitutional goal," or if there is a "'substantial degree of cooperative action'

between state and private officials."  *Id*. at 1454 (quoting *Collins v. Womancare*, 878 F.2d

1145, 1154 (9th Cir. 1989)).  To be considered "state action" under this approach, the

actions of the private party must have been "an integral part of the deprivation" of

constitutional rights.  *Coleman v. Turpen*, 697 F.2d 1341, 1345 (10th Cir. 1982).

None of the allegations in Plaintiff's Complaint rise to this level of "conspiracy,"

or "substantial degree of cooperative action," such that they could be considered

"integral" to the alleged constitutional deprivation.  Although Plaintiff charges that

Defendant Treadwell "used his family's influence with the [other Defendants] in order

to access his home without purchasing a legal right of way from the New Mexico State

Land Office, *see doc. 99* ¶ 10,  this allegation is nothing more than a "naked assertion[]

devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678.  Without any facts

explaining the nature of the alleged influence, let alone that Defendant Treadwell used

such influence, Plaintiff's allegation of a conspiracy between Defendant Treadwell and

county officials is insufficient to plausibly satisfy the "joint action" test.

Beyond this conclusory allegation, the Amended Complaint establishes only that

Defendant Treadwell relied on state action when he called for police help to obtain

access to a public roadway that Plaintiff had blocked.  As a matter of law, the Tenth

Circuit has previously ruled that conduct of this nature does not constitute "joint

action."  *See Carey v. Continental Airlines Inc.*, 823 F.2d 1402 (10th Cir 1987); *Lee v. Town of

Estes Park*, 820 F.2d 1112 (10th Cir. 1987).  In both *Carey* and *Lee*, the Tenth Circuit

applied the joint action test to allegations that private citizens acted in concert with

police officers in making arrests.  *Carey*, 823 F. 2d at 1403; *Lee*, 820 F.2d at 1114-15.  In

both cases, the Tenth Circuit held that citizens who made complaints to police officers

that resulted in arrests were not state actors.  *Carey*, 823 F.2d at 1404 ("Gilbert's

complaining about Carey's presence to a Tulsa police officer who, acting within the

scope of his statutory duties, arrested Carey after questioning him, does not, without

8

more, constitute state action for which Gilbert can be held responsible."); *Lee*, 820 F.2d at 1115-16 ("[T]he mere furnishing of information to police officers who take action thereon does not constitute joint action under color of state law which renders a private actor liable under § 1983."). Therefore, Plaintiff's allegations also do not satisfy the joint action test.

## IV.    CONCLUSION

Plaintiff fails to state plausible § 1983 claims against Defendant Treadwell because the alleged facts do not support a finding that Defendant Treadwell acted under color of state law. Thus, I recommend that the Court GRANT Defendant Treadwell's motion and dismiss without prejudice all § 1983 claims brought against him. As no other claims against Defendant Treadwell remain, I further recommend dismissing him from this action.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). If Plaintiff files a motion for leave to file an amended complaint which complies with the Federal Rules of Civil Procedure and the local rules, this time period will be tolled until the motion for leave is resolved. A party must file any objections with the Clerk of the District Court within the fourteen-day period (after accounting for any tolling, if applicable) if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**