## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ALAN H. SMITH,

    Plaintiff,

v.                                                    Case No. 13-cv-435 MCA/GBW

ALLEN BATTS, *et al.,*

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on County Defendants' Motion to Dismiss and for Qualified Immunity.  *Doc. 100.*  County Defendants, who are the sole remaining defendants, include Luna County; the Sheriff of Luna County, Raymond Cobos; Deputy Sheriffs Allen Batts, Olin Lynch, Steve Gallegos, and Alvero Granillo; and the Road Superintendent of Luna County, Marty Miller.  Having reviewed the motion, Plaintiff's responsive briefing (*doc. 104*), and the applicable law, I recommend that the Court GRANT the Motion in part and DENY it in part.

I.    FACTUAL BACKGROUND

The Court finds the following factual allegations well plead and therefore accepts them as true for the purpose of analyzing Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).  *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Plaintiff is a lessee of Black Mountain Ranch, located in Luna County, New Mexico. *Doc. 99* ¶ 14. The vast majority of the leasehold property—nearly 14,000 acres—belongs to the state of New Mexico. *Id.* As early as 1998, Plaintiff began to close off public access to his leased land due to alleged trespass and property damage. *Id.* ¶ 15. In doing so, he also blocked access to Winchester Road, which ran through the property. *See doc. 99* ¶ 22(7). Plaintiff installed two gates, one at the east entrance of the land and one at the west entrance. *Id.* ¶ 15. On October 19, 1998, Luna County sent a letter to Plaintiff advising him to remove the gates or face legal action. *Id.* ¶¶ 15, 22(3). Plaintiff did not remove the gates on his property and continued locking them, despite repeatedly being asked not to do so by Deputies of Luna County. *Id.* ¶¶ 18, 22(4), 22(9).

In early 2000, Defendant Luna County received a temporary right of way permit to access Winchester Road. *Id.* ¶ 18, 22(7). In August 2001, the New Mexico State Land Office held a meeting and determined that Defendant Luna County would have to pay for a continued right of way. *Id.* ¶¶ 19, 22(7). Luna County, however, declined to do so. *Id.* ¶ 22(7). At some point later that year, one of the gates was removed from Plaintiff's property. *Id.* ¶ 22(8).

On September 20, 2005, Defendant Batts and an unknown Deputy told Plaintiff to remove the locks on one of his gates. *Id.* ¶ 22(9).

On April 28, 2011, Plaintiff installed a new gate at the east entrance of Black Mountain Ranch. *Id.* ¶¶ 20, 22(14). This gate was removed on the morning of May 9,

2011, by Defendants Batts, Lynch, Gallegos, Granillo, and Miller, with the approval of Defendant Cobos.  *Id.* ¶ 22(14).  An altercation ensued during which Plaintiff was knocked against a vehicle, arrested, and taken into custody.  *Id.* ¶¶ 23(7), 23(8), 23(10).

## II.   STANDARD OF REVIEW

County Defendants argue that the claims raised in Plaintiff's Third Amended Complaint ("Complaint") should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations and must consider whether "they plausibly give rise to an entitlement to relief."  *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677-78).  The court's consideration is limited to determining whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, the plaintiff must set forth the grounds of his or her entitlement to relief.  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (internal

quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).  However, dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (internal citation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The court is not required to accept conclusions of law or the asserted application of law to the alleged facts.  *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).  Nor is the court required to accept as true legal conclusions that are presented as factual allegations.  *See Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1123 (D. Kan. 2000).

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party.  *Hall v. Bellmon*, 935 F.3d 1106, 1110

4

(10th Cir. 1991).  But "[t]his liberal treatment is not without limits, and 'this court has

repeatedly insisted that *pro se* parties follow the same rules of procedure that govern

other litigants.'"  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v.*

*Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

## III.   ANALYSIS

Plaintiff's Complaint raises four federal claims pursuant to 42 U.S.C. § 1983: (1)

violation of Plaintiff's due process right to the "use and enjoyment of his property," (2)

violation of Plaintiff's due process right to "exclude others from his property," (3) arrest

without probable cause in violation of the Fourth Amendment, and (4) excessive force

in violation of the Fourth Amendment.[1]  Defendants argue that each of these claims is

subject to dismissal for one or more of the following reasons: (1) the statute of

limitations has expired for most of the alleged incidents giving rise to Plaintiff's claims;

(2) the official capacity claims against the officers fail as a matter of law; (3) the

affirmative defense of qualified immunity precludes claims against the officers in their

individual capacities; or (4) the allegations are insufficient to state a claim under Federal

Rule of Civil Procedure 12(b)(6).

Because the Court finds Defendants' statute of limitations and official capacity

arguments well-taken, and because they narrow the issues to be examined, the Court

will address those arguments first.

---

[1] The Court construes Count III, in accordance with County Defendants' briefing, as encompassing both
an unlawful arrest claim and an excessive force claim.

A. **<u>Statute of Limitations</u>**

County Defendants argue that Counts I and II of the Complaint are barred by the statute of limitations because "most of the events recounted in the Complaint occurred more than a decade ago." *Doc. 100* at 2, 12.  The statute of limitations for § 1983 claims in New Mexico is three years. *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984). "While state law governs the applicable statute of limitations, federal law determines when the claim accrues and when the limitations period starts to run." *Brock v. Herbert*, 435 F. App'x 759, 762 (10th Cir. 2011).  The statute of limitations period for § 1983 claims accrues "when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Indus. Constr. Corp. v. U.S. Bureau of Reclamation,* 15 F.3d 963, 969 (10th Cir. 1994).  In other words, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotations omitted).

Plaintiff filed his initial complaint on May 8, 2013.  *Doc. 1.*  The events giving rise to his claims—statements of Luna County officials informing Plaintiff he cannot block the property, the forceful removal of his gate, and his arrest—were all readily apparent to Plaintiff at the time they occurred, so that the statute of limitations began to accrue immediately.  Plaintiff does not contend otherwise.  Therefore, only those acts that occurred on or after May 8, 2010—three years prior to the date he brought suit—would fall within the applicable statute of limitations.

Plaintiff contends that the statute of limitations should not bar consideration of events falling outside the three-year limitations period because "[t]he damages are continuing." *Doc. 104* ¶ 35.  When an alleged violation consists of continuous acts, it may be considered a single constitutional violation under the continuing violation doctrine.  However, the Tenth Circuit has not determined whether the continuing violation doctrine applies to § 1983 claims. *Brock v. Herbert*, 435 F. App'x 759, 763 (10th Cir. 2011).  Assuming that it does, "the doctrine is triggered by continual unlawful acts, not by continual ill effects from the original violation." *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (internal citations omitted).  "The doctrine does not allow a plaintiff to challenge discrete acts of wrongful conduct which occurred outside of the statute of limitations." *Brock*, 435 F. App'x at 763 (10th Cir. 2011).

Even assuming the continuing violation doctrine applies to § 1983 claims, it would not affect the result in Plaintiff's case because his allegations consist of separate, distinct acts as opposed to continual ill effects from a single violation.  Plaintiff's Complaint cites discrete instances of Defendants ordering him not to block his property, removing the lock on his gate, or removing his gate altogether.  Moreover, Plaintiff does not contend that these events are all part of a single violation.  Rather, he merely claims that the damages—that is, the ill effects of the alleged constitutional violations—are of a continuing nature.  This is insufficient to satisfy the continuing violation doctrine.

For the foregoing reasons, I recommend that all claims for damages relying on events prior to May 8, 2010, be dismissed because they fall outside the applicable statute of limitations. Here, the sole incident in Plaintiff's Complaint occurring within that limitations period is the May 9, 2011 incident during which (1) Defendants Batts, Lynch, Gallegos, Granillo, and Miller, with the approval of Defendant Cobos, removed Plaintiff's gate; (2) Defendant Lynch knocked Plaintiff against a vehicle; and (3) Defendants Batts, Lynch, Gallegos, Granillo, and Miller arrested Plaintiff and took him into custody.  Though this narrows the number of incidents the Court need consider, the single incident on May 9, 2011, has the potential to give rise to each of Plaintiff's four claims.  In other words, the statute of limitations does not entirely eliminate any of Plaintiff's claims.

B.  **Official Capacity Claims**

In addition to suing Luna County, Plaintiff asserts claims against Defendants Batts, Lynch, Gallegos, Granillo, Cobos, and Miller in both their individual and official capacities.  "[U]nder [42 U.S.C.] § 1983 . . . a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . ."  *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  There is therefore "no . . . need to bring official-capacity actions against local government officials, for under [*Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978)], local government units can be sued directly for damages and injunctive or declaratory relief."  *Kentucky v. Graham*, 473 U.S. 159, 163 n.14 (1985).

8

Here, Luna County has been sued, rendering the addition of official capacity claims superfluous.  *See, e.g., Houston v. Reich,* 932 F.2d 883, 889 (10th Cir. 1991); *Starrett v. Wadley,* 876 F.2d 808, 813 (10th Cir. 1989); *Jungels v. Pierce*, 825 F.2d 1127 (7th Cir. 1987) (whenever a complaint names both a municipality and one of its officials sued only in his official capacity, "there is only one defendant—the City—not two"); *Doe v. Douglas Cnty. Sch. Dist.*, 775 F. Supp. 1414, 1416 (D. Colo. 1991) ("redundant" official capacity claim dismissed).

I therefore recommend that the Court dismiss all claims against the individual defendants in their official capacities.

C.  **Counts I & II – Due Process[2]**

Plaintiff brings two procedural due process claims against all of the County Defendants: (1) for alleged deprivation of the use and enjoyment of his land, and (2) for alleged violation of his right to exclude others from his land.

In evaluating whether there has been a due process violation, the "standard analysis . . . proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."  *See Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011).  "To have a property interest in a benefit, a person clearly must have

---

[2] In his Response to County Defendants' Motion to Dismiss, Plaintiff avers that his leased land was taken for public use without just compensation.  *Doc. 104* ¶ 12.  However, because his Complaint makes no mention whatsoever of a takings claim, the Court will not construe one based on his Response alone.

more than an abstract need or desire and more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. Such entitlements are . . . not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (internal citations omitted).

Plaintiff's Complaint alleges that he has constitutionally protected property interests stemming from his status as lessee of Black Mountain Ranch. He further alleges that, by removing his gate and failing to respond to his reports of theft and property damage, the Defendants have deprived him of the rights associated with that status.

1. *Count I – Use and Enjoyment of Property*

In Count I of the Complaint, Plaintiff "alleges that he has been deprived of his Right to the use and enjoyment of his Property without Due Process." *Doc. 99* ¶ 21. He states that "since 9/11/98 continuing to today," his property and livestock have been intermittently stolen or damaged. *Doc. 99* ¶ 21(1). He alleges that he has filed reports with a number of agencies and law enforcement organizations, including the Luna County Sheriff's Office, but does not believe that any remedial action has been taken. *Doc. 99* ¶¶ 21(3), 21(4).

Defendants argue that this claim should be dismissed because Plaintiff has failed to establish any personal involvement by the individual Defendants in the alleged constitutional violation. *Doc. 100* at 6-7. For instance, Plaintiff states that reports have been filed with the Luna County Sheriff's Office, but does not give any indication of who filed the reports or what these reports entailed. Additionally, Defendants contend that Plaintiff fails to state a claim under § 1983 because he makes "no allegations that [the complained-of] incidents were caused [by] County Defendants." *Doc. 100* at 7.

Defendants are correct that, to state a claim under § 1983, Plaintiff must allege some personal involvement by Defendants, (*see, e.g., Dodds*, 614 F.3d 1185, 1195 (10th Cir. 2010)), and must allege that Defendants' actions caused his injury (*Archuleta v. McShan*, 897 F.2d 495, 499 (10th Cir. 1990) ("[A] plaintiff who asserts a due process claim under section 1983 [must] prove that he or she is the deliberate object of the state action which caused injury.")). Plaintiff does not allege any personal involvement by any of the individual Defendants, stating only that the Luna County Sherriff's Office failed to take action on his grievances. He also fails to establish that, but for the actions of the individual Defendants or Luna County, he would not have suffered an injury. *See, e.g., James v. Chavez*, 511 F. App'x 742, 746 (10th Cir. 2013) ("In order to prevail on her § 1983 claims . . ., appellant is required to show that [appellees'] actions . . . were both the but-for and the proximate cause of" appellant's injury).

Moreover, Plaintiff cannot establish any constitutionally protected interest based on a failure to act by Luna County or its officials. *See Gonzales*, 545 U.S. at 756 (finding no constitutionally protected interest in police enforcement of restraining order); *Crystal Dunes Owners Ass'n, Inc. v. City of Destin*, 476 F. App'x 180, 184 (11th Cir. 2012) (property owners had no "property interest in police assistance to prevent members of the public from trespassing on their land"). Plaintiff has not pointed to any source, state law or otherwise, that would give him a constitutionally protected right to have Luna County or its officials protect his property.

Because Plaintiff does not have a constitutional right in having Defendants protect his property,[3] he has not stated a claim for which relief can be granted. Even assuming such a right existed, because Plaintiff's Complaint does not establish personal involvement by the Defendants and does not to establish the requisite causal connection between the Defendants' actions and his alleged deprivation, his claim fails again.

I therefore recommend that the Court dismiss Count I of Plaintiff's Complaint.

2. *Count II – Right to Exclude Others From Property and to Prevent Trespass*

In Count II, Plaintiff claims that "he has been deprived of his Right to exclude others from using his Property." *Doc. 99* ¶ 22. As noted above, the only timely allegation regarding this claim in Plaintiff's Complaint is that on May 9, 2011, Defendants Batts, Lynch, Gallegos, Granillo, and Miller, with the approval of Defendant

---

[3] To the extent that portions of Count I are based on Defendants preventing him from excluding others, those portions of Count I are subsumed in Count II.

Cobos, removed a gate that Plaintiff had installed on his leased property.  *Id.* ¶ 22(14).

He states that "the general public has easy access to Plaintiff's leased land, due to

Defendant Luna County's refusal to comply with State Law."  *Id.* ¶ 22(16).  Plaintiff also

claims that Defendants have deprived him of the ability to comply with N.M. STAT.

ANN. § 19-6-5 (1978), which requires lessees of state land to prevent trespass and waste.

*Id.* ¶¶ 22(1), 22(16).  He complains of supposed illegal activity occurring on his

property, as well as alleged damage to an Indian ruin.  *Id.* ¶¶ 22(10)-22(13), 22(15).

Defendants contend that Plaintiff's claim must fail because it is based on his

supposed right to block a public road—a right that does not exist.

### a)       Count II(a) – Right to Exclude Others from Property

Plaintiff alleges that Defendants deprived him of the right to exclude others from

his leased property without due process.  This Court has already determined that

Plaintiff has a constitutionally protected interest in his leasehold of the property at

issue, which is created by New Mexico statutory law.  *See doc. 77* at 7 (citing N.M. STAT.

ANN. § 19-7-1 (1978), *et seq.*).  It follows that he also has a constitutionally protected right

to *exclude* others from this property.  *College Sav. Bank v. Fla. Prepaid Postsecondary Ed.*

*Expense Bd.,* 527 U.S. 666, 673 (1999) ("The hallmark of a protected property interest is

the right to exclude others.  That is one of the most essential sticks in the bundle of

rights that are commonly characterized as property.") (internal quotations omitted); *see*

*also Farinacci v. City of Garfield Heights*, No. 08-CV-1355, 2010 WL 1268068, at *7 (N.D.

Ohio Mar. 30, 2010), *aff'd*, 461 F. App'x 447 (6th Cir. 2012) ("It is clear that the property interest asserted—the right to exclude others from one's property—is a constitutionally protected property interest.").  Furthermore, Plaintiff also contends that County Defendants deprived him of his personal property when they removed his gate without his consent.

Defendants contend that Plaintiff's claim is "premised on his alleged right to block a public road which happens to run through the land he is leasing . . . ." *Doc. 100* at 8.  Because there is "no such right," they argue that his claim should fail.  *Id.* Defendants' argument is unavailing.  At the motion to dismiss stage, the Court must accept as true all well-pleaded facts in Plaintiff's Complaint.  Plaintiff clearly contests the status of Winchester Road as a public road, and alleges that Luna County is required by law to pay for a right of way through the property.  *Doc. 99* ¶¶ 14, 18, 19. Further, Plaintiff alleges not only that he has a right to exclude others from his land, but that he has a property right in the gate itself, which Defendants removed.

Having determined that Plaintiff has a constitutionally protected interest, the Court now considers whether he was provided adequate process.  Based on the allegations in his Complaint, Defendants provided Plaintiff with no process whatsoever (merely warnings) prior to removing his gate.  *See* 16B Am. Jur. 2d Constitutional Law § 955 (West 2014) ("[T]he essential elements of procedural due process of law are notice and the opportunity to be heard prior to depriving a person of his or her protected

property interest."). Nor do County Defendants contend that Plaintiff was afforded any process.

In light of the foregoing, Plaintiff has alleged sufficient facts to state a claim that he was deprived of a constitutionally protected interest without due process of law. I therefore recommend finding that Plaintiff has stated a valid due process claim against the individual County Defendants.

      i.   <u>Municipal Liability</u>

Plaintiff brings this due process claim not only against the individual County Defendants, but also against Luna County itself. To state a claim against Luna County under 42 U.S.C. § 1983, Plaintiff must "identify a municipal policy or custom that caused the [his] injury." *Dodds*, 614 F.3d at 1202 (internal citations omitted); *see also Winters v. Bd. of Cnty. Comm'rs*, 4 F.3d 848, 855 (10th Cir. 1993) ("[T]he doctrine of respondeat superior does not apply to actions brought under § 1983."). A municipal policy or custom may take several forms, including, as is relevant to Plaintiff's claim, "the decisions of employees with final policymaking authority." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal citations omitted). In order to establish municipal liability, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff contends that Luna County should be liable for removing the gate from his property without due process of law because Defendants Batts, Miller, Lynch, Gallegos, and Granillo acted with the approval of Defendant Cobos, the Sheriff of Luna County.  He avers that "[i]t is presumed that [Defendant Cobos] has control of his Deputies and can set policy for his Department."  *Doc. 104* ¶ 3.  County Defendants counter that Plaintiff's claims against Luna County must fail because he does "not even attempt" to establish that a County policy was the moving force behind the alleged constitutional violations.  *Doc. 100* at 5.

Though the Court is considering only a single incident in this matter, the Supreme Court has stated that "where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly."  *Pemaur v. Cincinnati*, 175 U.S. 469, 480, 484-85 (1986) (holding municipal liability attached where county prosecutor, who was authorized to establish county policy, directed deputies to enter plaintiff's place of business to serve capiases for arrest of third parties).  Whether an official has final policymaking authority is a question of state law.  *City of St. Louis v. Praprotnik,* 485 U.S. 112, 124 (1988).  In the Tenth Circuit, courts consider three factors in making this assessment: "(i) whether the official is meaningfully constrained by policies not of that official's own making; (ii) whether the official's decisions are final—in other words whether they are subject to any meaningful review; and (iii) whether the policy decision

16

purportedly made by the official is within the realm of the official's grant of authority."

*Coffey v. United States*, No. CIV 08-0588 JB/LFG, 2011 WL 6013611, at *34 (D.N.M. Nov.

28, 2011), *aff'd*, 504 F. App'x 715 (10th Cir. 2012) (citing *Randle v. City of Aurora,* 69 F.3d

441, 448 (10th Cir. 1995)).

 Defendants have not offered any argument that Defendant Cobos was not a final

policymaker under New Mexico law.  Moreover, case law suggests that Defendant

Cobos does have this authority.  *See Wilson v. Montano*, 715 F.3d 847, 857 (10th Cir. 2013)

(finding country sheriff responsible for establishing policy under New Mexico law and

citing various state statutes).  Because Plaintiff has alleged that the individual County

Defendants acted with the approval of an individual with final policymaking authority,

and Defendants have failed to contest this point, I recommend that the Court DENY the

Motion to Dismiss Count II against Defendant Luna County.

   b) *Count II(b) – Compliance with State Statute*

 Plaintiff also seems to contend that, by removing the gate on his property,

Defendants have unconstitutionally deprived him of his ability to comply with N.M.

STAT. ANN. § 19-6-5 (1978).  Plaintiff has not alleged that he has any constitutionally

protected interest in complying with this statute, and the Court is not aware of any

source of law that would provide Plaintiff with this interest.  I therefore recommend

that the Court GRANT County Defendants' Motion to Dismiss on this sub-claim.

D.  **Count III – Unlawful Arrest & Excessive Force**[4]

Plaintiff's third count concerns the events leading up to and following his arrest

on May 9, 2011.  *Doc. 99* ¶ 23(1)-23(17).  The Court interprets this count as encompassing

two separate causes of action[5]: (1) arrest without probable cause in violation of the

Fourth Amendment, and (2) excessive force in violation of the Fourth Amendment.[6]

The Court will proceed to consider the two causes of action in turn.

1.  *Count III(a) – Unlawful Arrest*

Plaintiff alleges that he "was arrested [on May 9, 2011] by Defendants Batts,

Lynch, Gallegos, and Granillo for taking 2 or 3 steps toward them while they were

about 30 feet away."  *Doc. 99* ¶ 23(7).[7]  Defendants argue that Plaintiff's single allegation

---

[4] Plaintiff does not allege that his arrest was in any way the result of a policy, custom, or practice of Luna County.  Therefore, to the extent that he attempts to state a claim against Luna County for unlawful arrest or excessive force, I recommend that such claim be dismissed.

[5] To the extent Plaintiff seeks to raise a claim of cruel and unusual punishment in violation of the Eighth Amendment based on his "not having food or water" from 9:00 a.m. to 5:30 p.m. while in jail following his arrest, this claim fails.  *Doc. 99* ¶ 23(11).  Nothing less than the "unnecessary and wanton infliction of pain implicates the Eight Amendment."  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotations omitted).  "[A] prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards and excessive risk to inmate health and safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Plaintiff's single allegation falls woefully shy of stating a plausible claim that could meet this high standard.  Further, as County Defendants point out, Plaintiff does not allege personal involvement by any of the County Defendants with respect to this potential claim, nor does he contend that any custom or policy of Luna County was involved.

[6] Plaintiff also seems to allege via his Response that he was deprived of his Sixth Amendment right to trial by jury.  *Doc. 104* ¶ 25.  However, his Complaint falls well short of stating this claim.  First, the Complaint actually states—apparently in error—"Plaintiff get [sic] a trial."  *Doc. 99* ¶ 23(14); *doc. 104* ¶ 7.  Second, Plaintiff admits that the claims against him were dismissed, obviating any need for a trial.  *Doc. 104* ¶ 25.

[7] The Court interprets Plaintiff's claim that his right to due process was violated as alleging that he was arrested without probable cause.  The Court will therefore construe this as a claim under the Fourth Amendment.

"is wholly insufficient to constitute a claim that they lacked probable cause for the arrest." *Doc. 100* at 8.

County Defendants contend that they are entitled to qualified immunity. "When evaluating a motion to dismiss based on qualified immunity, the court employs a two-part test, considering (1) 'whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right,' and (2) 'whether the right at issue was clearly established at the time of defendant[s'] alleged misconduct.'" *Anderson v. Worstell*, 492 F. App'x 913, 915 (10th Cir. 2012) (citing *Pearson*, 555 U.S. at 232). "A constitutional right is clearly established when, at the time of the alleged violation, the contours of the right were sufficiently clear that a reasonable official would understand that his actions violate that right . . . ." *Lundstrom v. Romero*, 616 F.3d 1108, 1118 (10th Cir. 2010).

It is clearly established that an arrest that is unsupported by probable cause violates the Fourth Amendment. *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996); *Cortez v. McCauley*, 478 F.3d 1108, 1117 (10th Cir. 2007) (en banc). "Probable cause for an arrest . . . is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime." *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996) (citing FED. R. CRIM. P. 4); *Wong Sun v. United States*, 371 U.S. 471, 481 n. 9 (1963). This assessment "is based on the totality of the circumstances, and requires reasonably trustworthy information that would lead a reasonable officer to

believe that the person . . . arrested has committed or is about to commit a crime."
*Cortez*, 478 F.3d at 1116.

When a defendant officer alleges qualified immunity in the context of an unlawful arrest claim, the plaintiff must show that "(1) the officer lacked probable cause, i.e. the facts would not lead a reasonable officer to believe a crime was being committed, and (2) it would be clear to a reasonable officer that probable cause was lacking . . . ." *G.M. ex rel. B.M. v. Casalduc*, 982 F. Supp. 2d 1235, 1242 (D.N.M. 2013). Thus, officers may be entitled to qualified immunity when their "conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014).

Here, Plaintiff merely states that he was "arrested by Defendants Batts, Lynch, Gallegos, and Granillo for taking 2 or 3 steps toward them while they were about 30 feet away." *Doc. 99* ¶ 23(7).  Plaintiff makes no mention of the crime for which Defendants arrested him.[8]  There is, therefore, no way for the Court to determine whether there was probable cause for the arrest.  Consequently, Plaintiff has failed to adequately state a claim, let alone to meet his burden to overcome the qualified immunity defense. I therefore recommend that the Court DISMISS Plaintiff's claim for unlawful arrest.

---

[8] Plaintiff does state later in his Complaint that he "now has an arrest record of assault with a deadly weapon and assault on a peace officer."  However, the Court cannot assume that these arrest records relate to the May 9, 2011 arrest.  For example, it appears that the arrest for an assault with a deadly weapon occurred years earlier after Plaintiff confessed to pointing a gun at illegal aliens near his property.  *See doc. 104*, Ex. 2.

2. *Count III(b) – Excessive Force*

Plaintiff also contends that he was subjected to excessive force in violation of the Fourth Amendment during the course of his arrest.  Specifically, he alleges that "Defendant Lynch . . . slammed Plaintiff against a vehicle . . . so hard that the vehicle was dented."  *Doc. 99* ¶ 23(8).  As Plaintiff does not allege personal involvement of any of the other Defendants, this claim is brought against Defendant Lynch only.  *See Dodds*, 614 F.3d at 1195.

County Defendants urge that Plaintiff's allegation fails to state a claim upon which relief can be granted "absent some assertion that the force employed was unnecessary to effectuate the arrest."  *Doc. 100* at 8.  Additionally, Defendants note that "Plaintiff does not even claim any injury related thereto."  *Id.*

The use of force in performing an arrest is governed by the Fourth Amendment's reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 394 (1989).  It is clearly established that to recover under an excessive force claim, a plaintiff must show (1) that the officer used "greater force than would have been reasonably necessary to effect a lawful arrest," and (2) "some actual injury that is not de minimis, be it physical or emotional."  *Cortez*, 478 F.3d at 1127, 1129; *see also Sisneros v. Fisher*, 685 F. Supp. 2d 1188, 1208-09 (D.N.M. 2010); *McCoy v. Meyers*, No. 12-3160-SAC, 2012 WL 4903366, at *4 (D. Kan. Oct. 16, 2012); *Gammons v. City & Cnty. of Denver*, No. 10-CV-01598-REB-MJW, 2011 WL 4104979, at *9 (D. Colo. Sept. 15, 2011) *aff'd*, 505 F. App'x 785 (10th Cir. 2012).

21

Although an officer may not use more force than is necessary in effectuating an arrest, "the right to make an arrest . . . necessarily carries with it the right to use *some degree* of physical coercion or threat thereof to effect it." *Graham,* 490 U.S. at 396 (emphasis added). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 397.

Significantly, Plaintiff does not allege whether he was resisting the officers or complying with their attempts to arrest him. In fact, he does not make any statement as to his actions or demeanor during the course of the arrest. Even in his Response to the Motion to Dismiss, Plaintiff makes no argument regarding the reasonableness of the force used by Defendant Lynch.[9] Without any assertions regarding his own comportment during the arrest, Plaintiff has not alleged that Defendants employed more force than was necessary to arrest him. *See Jackson v. City of Beaumont*, 958 F.2d 616, (5th Cir. 1992) (claim of excessive force subject to dismissal where complaint "contain[ed] virtually no facts which would allow determining whether the officers'

---

[9] It would not have been unreasonable for the officers to anticipate that Plaintiff would resist arrest in light of his prior disregard for their orders not to block his driveway. *See Brown v. Gilmore*, 278 F.3d 362, 369 (4th Cir. 2002) ("It was not unreasonable for the officers to believe that a suspect who had already disobeyed one direct order would balk at being arrested.").

conduct was unreasonable" and plaintiff did "not plead any facts regarding his own conduct during the incident").

Furthermore, Plaintiff Complaint does not describe any injury—be it physical or emotional—resulting from Defendant Lynch's actions, as required to establish a claim for excessive force.  *See Cortez*, 478 F.3d at 1129.

Because Plaintiff has not alleged that Defendant Lynch used more force than was necessary to effectuate the arrest, nor that he suffered any injury, Plaintiff has failed to state a valid claim.  I therefore recommend GRANTING County Defendants' Motion to Dismiss as to Plaintiff's excessive force claim.

## IV.    CONCLUSION

For the forgoing reasons, I recommend that the Court DISMISS Plaintiff's claims against the individual County Defendants in their official capacities.  I further recommend that the Court GRANT County Defendants' Motion to Dismiss as to Count I (alleged deprivation of the use and enjoyment of land without due process), Count II(b) (alleged deprivation of ability to comply with state statute without due process), Count III(a) (unlawful arrest), and Count III(b) (excessive force), and DENY the Motion to Dismiss as to Count II(a) (alleged deprivation of right to exclude others from property without due process).

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**