IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN H. SMITH,

    Plaintiff,

v.                                                                Civ. 13-435 MCA/GBW

ALLEN BATTS, *et al.*,

    Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND DENYING PLAINTIFF'S MOTION TO AMEND

THIS MATTER is before the Court on Plaintiff's Objection (*doc. 117*) to the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 115*), and Plaintiff's Motion to Amend Third Amended Complaint (*doc. 116*). Being fully advised, the Court will overrule the objections, adopt the PFRD, and deny Plaintiff's Motion.

**I.  FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff is a lessee of Black Mountain Ranch, located in Luna County, New Mexico. *Doc. 99* ¶ 14. The majority of the leasehold property belongs to the state of New Mexico. *Id*. Plaintiff began to close off public access to his leased land due to alleged trespass and property damage as early as 1998. *Id.* ¶ 15. In particular, he installed two gates on the property, which blocked all public access to Winchester Road. *Id.* ¶¶ 15, 22(7). At various points over the years, Luna County officials advised Plaintiff that he was not permitted to block this road. *Id.* ¶¶ 18-24.

After one of Plaintiff's gates was removed from his property, he installed a new gate at the east entrance of Black Mountain Ranch on April 28, 2011. *Id.* ¶¶ 20, 22(14). This gate was removed on the morning of May 9, 2011, by Defendants Batts, Lynch, Gallegos, Granillo, and Miller, with the approval of Defendant Cobos. *Id.* ¶ 22(14). An altercation ensued during which Plaintiff was knocked against a vehicle, arrested, and taken into custody. *Id.* ¶¶ 23(7), 23(8), 23(10).

Plaintiff brought the instant action against Defendants pursuant to 42 U.S.C. § 1983 on May 8, 2013. *Doc. 1.* With the Court's approval, Plaintiff filed a Third Amended Complaint ("Complaint") on July 11, 2014. *Doc. 99.* In it, he raised the following four claims: (1) violation of Plaintiff's due process right to the "use and enjoyment of his property," (2) violation of Plaintiff's due process right to "exclude others from his property," (3) arrest without probable cause in violation of the Fourth Amendment, and (4) excessive force in violation of the Fourth Amendment. *See generally doc. 99.*

On August 3, 2014, Defendants Luna County, Raymond Cobos, Allen Batts, Olin Lynch, Steve Gallegos, Alvero Granillo, and Marty Miller ("County Defendants") filed a Motion to Dismiss and for Qualified Immunity, arguing that all claims raised in Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. *Doc. 100.* Plaintiff responded to the motion on August 19, 2014 (*doc. 104*), and briefing was complete on September 5, 2014.

On December 1, 2014, the Magistrate Judge filed his Proposed Findings and Recommended Disposition (PFRD).  *Doc. 115.*  The Magistrate Judge first found that the sole incident described in Plaintiff's Complaint falling within the three-year statute of limitations was the May 9, 2011 incident during which (1) Defendants Batts, Lynch, Gallegos, Granillo, and Miller, with the approval of Defendant Cobos, removed Plaintiff's gate; (2) Defendant Lynch knocked Plaintiff against a vehicle; and (3) Defendants Batts, Lynch, Gallegos, Granillo, and Miller arrested Plaintiff and took him into custody.  The Magistrate Judge proceeded to recommend that the Court grant County Defendants' Motion to Dismiss as to Counts I, II(b), and III of Plaintiff's Third Amended Complaint, deny the motion as to Count II(a), and dismiss of all claims against County Defendants in their official capacities.  *Doc. 115.*

Plaintiff filed objections to the PFRD on December 18, 2014.  *Doc. 117.*  His sole objection concerns the Magistrate Judge's proposed finding as to the statute of limitations.  Plaintiff also filed a Motion to Amend Third Amended Complaint concurrently with his objections.  *Doc. 116.*  The proposed Fourth Amended Complaint seeks to add a libel claim against Defendants for Plaintiff's arrest record.

**II.     ANALYSIS**

    **A.  <u>Plaintiff's Objection to the PFRD</u>**

        *1.  Legal Standard*

Defendants' Motion to Dismiss (*doc. 100*) was referred to Magistrate Judge Wormuth pursuant to Title 28 U.S.C. § 636(b)(1)(B). *See doc. 636*. Under that referral provision, the standard of review is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

        *2.  Objection to the Magistrate Judge's Statute of Limitations Analysis*

Plaintiff objects to the Magistrate Judge's finding that all claims based on events prior to May 8, 2010, should be dismissed as falling outside of the statute of limitations. Plaintiff contends that Defendants' actions were all "sufficiently related" that they

"constitute a continuing pattern of wrongful conduct" and are therefore timely under the continuing violation doctrine. *Doc. 117* at 2 (quoting *Brock v. Herbert*, 435 F. App'x 759, 763 (10th Cir. 2011)). Plaintiff expresses his "opinion that the incidents in the complaint fit more with *Hunt* [*v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)], rather than the discrete acts as described in *Brock*." Doc. 117 at 2.

In *Hunt*, the plaintiff argued that three incidents that allegedly violated his constitutional rights should be treated as "a single discriminatory enterprise" such that they all fell within the statute of limitations pursuant to the continuing violation doctrine. 17 F.3d at 1266. However, even in that case, the Tenth Circuit concluded that the plaintiff had "fail[ed] to allege specific facts showing agreement and concerted action among . . . the . . . defendants," and therefore upheld the district court's dismissal of the claim on statute of limitations grounds. *Id.* Thus, even accepting as true Plaintiff's claim that his facts are akin to those in *Hunt*, this does not provide a basis upon which to apply the continuing violation doctrine. Like *Hunt*, Plaintiff has not alleged facts sufficient to establish agreement or concerted action among the Defendants. Because "[t]he doctrine does not allow a plaintiff to challenge discrete acts of wrongful conduct which occurred outside of the statute of limitations," Defendants' discrete actions prior to May 8, 2010, fall outside the applicable statute of limitations. *Brock,* 435 F. App'x at 763.

Moreover, as the Magistrate Judge noted, the Tenth Circuit has "never announced a precedential rule as to the applicability of the continuing violation doctrine to § 1983 claims." *Loard v. Sorenson*, 561 F. App'x 703, 706 (10th Cir. 2014).  The Court declines to do so for the first time here.

For the foregoing reasons, Plaintiff's objection is OVERRULED.

### B. <u>Plaintiff's Motion to Amend</u>

#### 1. *Legal Standard*

Plaintiff's Motion to Amend Third Amended Complaint is beyond both the number of times, and the period during which, he can amend his complaint as a matter of course.  *See* FED. R. CIV. P. 15(a)(1).  Therefore, the "decision to grant leave to amend a complaint . . . is within the trial court's discretion." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).  Leave to amend shall be freely given "when justice so requires," but need not be given where amendment would be futile.  FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

To avoid a finding of futility, therefore, Plaintiff's proposed Fourth Amended Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint fails to state a claim

6

when it makes conclusory allegations of liability without supporting factual content. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678–79. While the court must accept all the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

### 2. Plaintiff's Proposed Fourth Amended Complaint is Futile

The only addition Plaintiff makes in his proposed Fourth Amended Complaint is the inclusion of a libel claim relating to his criminal arrest record from the May 9, 2011 incident. He alleges that his "arrest was published in the local paper," and he "now has an arrest record of assault with a deadly weapon and assault on a peace office," whereas "[p]rior to moving to Luna Co., his 'criminal record' consisted of traffic violations" only. *Doc. 116* at 14.

To state a claim for libel[1], a subcategory of defamation (*see Newberry v. Allied Stores, Inc.*, 773 P.2d 1231, 1236 (N.M. 1989)), Plaintiff must establish the following elements: "(i) a published communication by the defendant; (ii) the communication includes an asserted statement of fact; (iii) the communication was concerning the plaintiff; (iv) the statement of fact is false; (v) the communication was defamatory; (vi) the persons receiving the communication understood it to be defamatory; (vii) the defendant knew the communication was false or negligently failed to recognize that it

---

[1] Plaintiff's libel claim is more appropriately directed at the newspaper that published the article, whereas his claim against the police constitutes slander, i.e. a verbal publication to a third party. The distinction is not meaningful because the analysis is the same for either claim.

was false, or acted with malice; (viii) the communication caused actual injury to the plaintiff's reputation; and (ix) the defendant abused its privilege to publish the communication." *Heyward v. Credit Union Times*, 913 F. Supp. 2d 1165, 1185 (D.N.M. 2012). Because Plaintiff's libel claim fails on at least two of these elements, it is futile.

As an initial matter, the statement at issue—that Plaintiff was arrested—is not false. Although Plaintiff maintains that he committed no crime, he readily admits that he was, in fact, arrested. Thus, the claim fails on this first element.

Second, Plaintiff has alleged no actual injury. *See Newberry*, 773 P.2d at 1236 ("Under the now-existing law of defamation in New Mexico, the standard of strict liability no longer applies . . . . Damages must be proved and cannot be presumed."). Plaintiff merely states that he now has an arrest record whereas he previously did not. This is not a sufficient allegation of damages to state a claim for libel.

Because Plaintiff fails to allege facts sufficient to establish at least two of the elements of libel, I find that his claim is futile, and will deny Plaintiff's motion to dismiss on that basis.

## IV.  CONCLUSION

For the foregoing reasons, I conclude that Plaintiff's objection to the PFRD has no merit and that his proposed Fourth Amended Complaint is futile.

Wherefore, IT IS HEREBY ORDERED that the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 115*) is ADOPTED. The Court GRANTS

Defendants' Motion to Dismiss as to Count I (alleged deprivation of the use and enjoyment of land without due process), Count II(b) (alleged deprivation of ability to comply with state statute without due process), Count III(a) (unlawful arrest), and Count III(b) (excessive force), and DENIES the Motion to Dismiss as to Count II(a) (alleged deprivation of right to exclude others from property without due process).

IT IS FURTHER ORDERED that Counts I, II(b), and III of Plaintiff's Third Amended Complaint are DISMISSED with prejudice, and all claims against individual County Defendants in their official capacities are hereby DISMISSED.

Finally, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend (*doc. 116*) is DENIED.

Plaintiff's sole remaining claim is Count II(a), for the alleged deprivation of Plaintiff's right of exclude others from his property without due process of law.

_____
CHIEF UNITED STATES DISTRICT JUDGE